UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HYDROCHEM LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-1281-JTM-TJJ |
| ) | |
| LOREN KEATING, EVERGREEN ) | |
| ENVIRONMENTAL SERVICES, LLC, and ) | |
| INDUSTRIAL SERVICES ACQUISITION, LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Emergency Motion for Expedited Discovery (ECF No. 11). In its *ex parte* motion, Plaintiff requests an order permitting it to conduct limited, expedited discovery to support its motions for temporary restraining order and preliminary injunction. Specifically, Plaintiff seeks leave to take two depositions, one of Defendant Keating and the other of a corporate representative of Defendant Evergreen Environmental Services, LLC ("Evergreen") and/or Industrial Services Acquisition, LLC ("ISA"). Plaintiff also seeks leave to serve up to ten requests for production on Defendants. Plaintiff states the depositions and requests for production would be limited to details regarding Keating's employment with Evergreen, Keating's communications with and solicitations of Plaintiff's former employees, and Keating's alleged accessing, downloading, and misappropriation of Plaintiff's confidential and trade secret information. As explained below, Plaintiff's motion is denied *without prejudice*.

Federal Rule of Civil Procedure 26(d)(1) governs the timing and sequence of discovery. It provides, in pertinent part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial

disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."[1] Plaintiff's motion does not assert that it has attempted to confer with Defendants as required under Rule 26(f). Nor does this case fall within any of the categories of cases exempted from this Rule 26(f) requirement. Therefore, Plaintiff may only obtain the early discovery requested upon the parties' stipulation or by Court order.

Courts in the District of Kansas apply the reasonableness or good cause test in determining whether to allow expedited discovery.[2] Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."[3] The party seeking the expedited discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for the requested departure from usual discovery procedures.[4]

The Court will consider each of these factors in turn. First, Plaintiff's motion for preliminary injunction is pending. This factor weighs in favor of allowing expedited discovery.

Second, with regard to the breadth of discovery requested, Plaintiff requests leave to conduct two depositions (for three hours each) of Defendant Keating, and the corporate

---

[1] Fed. R. Civ. P. 26(d)(1). Early requests for production are permitted under Fed. R. Civ. P. 26(d)(2), however, the requests are not considered served until the first Rule 26(f) conference.

[2] *Bradley by & Through King v. United States*, No. 16-1435-EFM-GLR, 2017 WL 1210095, at *2–4 (D. Kan. Apr. 3, 2017); *SC Realty, Inc. v. MTC Cleaning, Inc.*, No. 15-2315, 2015 WL 11089660, at *1–2 (D. Kan. Feb. 19, 2015); *Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *2–3 (D. Kan. Mar. 20, 2009).

[3] *Sunflower*, 2009 WLL 774340, at *3.

[4] *Teran v. GB Int'l S.P.A.*, No. 11-CV-2236-JAR-DJW, 2011 WL 5005997, at *2 (D. Kan. Oct. 20, 2011).

representative of Defendant Evergreen and/or ISA, and leave to serve up to ten document requests upon Defendants. Plaintiff states in its motion that these early depositions and document requests will seek details regarding Keating's employment with Evergreen, Keating's communications with and solicitations of Plaintiff's former employees, and Keating's alleged accessing, downloading, and misappropriation of Plaintiff's confidential and trade secret information. It does not appear that Plaintiff's proposed discovery is narrowly tailored to learn key facts needed to fairly appear at the preliminary injunction hearing.[5] Plaintiff did not provide a copy of its proposed requests for production, but—based upon the description provided by Plaintiff—those discovery requests appear to seek broad discovery on a wide range of issues in this case.  Additionally, the Court notes that the proposed order Plaintiff submitted for the Court's consideration, if granted, would allow Plaintiff not only to take Keating's deposition but also to take the Rule 30(b)(6) deposition(s) of a corporate representative of Defendant Evergreen and/or Defendant ISA, without any list of specific designated topics for those depositions. The Court finds the broad nature of the expedited discovery requested by Plaintiff is not consistent with the limited, narrowly tailored discovery this Court has permitted in prior cases in which it granted requests for expedited discovery.[6]

---

[5] *See SC Realty*, 2015 WL 11089660, at *1 (proposed early discovery requests did not appear limited to discovering key facts needed for the requesting party to fairly appear at the preliminary injunction hearing).

[6] *Thermal Sols., Inc. v. Imura Int'l U.S.A. Inc.*, No. 08-CV-2220-JWL-DJW, 2008 WL 2561098, at *1 (D. Kan. June 26, 2008) (court allowed plaintiff to send one interrogatory to each corporate defendant, asking for the current residential address of an individual defendant); *Dougherty Funding, LLC v. Gateway Ethanol, LLC*, No. 08-CV-2213-JWL, 2008 WL 2354965, at *1 (D. Kan. June 5, 2008) (court granted unopposed expedited discovery regarding citizenship of members of plaintiff LLC); *Teran*, 2011 WL 5005997, at *3 (court allowed limited discovery regarding issue of personal jurisdiction).

The Court is aware that Plaintiff cites *Lindsey & Osborne Partnership v. Day & Zimmermann, Inc.*,[7] in which that court entered an order allowing more extensive expedited discovery. However, in *Lindsey*, the court granted the plaintiff's motion for expedited discovery in part, only after the issue had been fully briefed and argued by counsel for the parties to the case. The facts and circumstances in *Lindsey* were materially different from this case, in which Plaintiff's motion seeking early discovery is filed *ex parte* and before it has even accomplished service upon Defendants. In those relatively few cases in which *ex parte* motions for early discovery were granted, the early discovery allowed has typically been limited to discovery needed to facilitate the proper identification of, and service upon, the defendants.[8] The overly broad breadth of discovery requested by Plaintiff weighs heavily against allowing the expedited discovery requested in this case.

Third, with regard to the purpose of the expedited discovery sought, Plaintiff argues that the expedited discovery it seeks is appropriate to permit it to identify, prevent, and avoid any further irreparable injury it might otherwise sustain during the pendency of this litigation. It seeks to preserve the status quo by obtaining a temporary restraining order ("TRO"), as well as a preliminary and permanent injunction against Keating, Keating's new employer, Evergreen, and Evergreen's successor in interest, ISA. Plaintiff claims it will use the early discovery it seeks to support its motions for TRO and preliminary injunction. But this alone is not a compelling reason for permitting the broad discovery sought in advance of the normal discovery process.

---

[7] No. 08-CV-2301-CM-DJW, 2008 WL 2858786, at *2–*4 (D. Kan. July 22, 2008).

[8] *See Interscope Records v. Does 1-14*, No. CIV.A. 5:07-4107-RDR, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (granting *ex parte* motion for early service of subpoena seeking alleged infringers' identity); *Living Scriptures v. Doe(s)*, No. 1:10CV0182 DB, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (granting *ex parte* motion for discovery into the identities of copyright infringement defendants where information was transitory).

Nor does Plaintiff claim that the early discovery sought is necessary for the proper identification of or service upon Defendants. Nor has Plaintiff alleged that the early discovery is needed to prevent the loss or destruction of relevant evidence. Indeed, as noted above, the Court finds that the broad discovery requested by Plaintiff ventures into the merits of this case. Moreover, a TRO has been entered,[9] therefore Plaintiff's asserted need to obtain the expedited discovery to prevent further irreparable harm is minimized. This factor, too, weighs against Plaintiff's request for expedited discovery.

Fourth, with regard to the burden on the Defendants to comply with the requests, the Court finds the early discovery sought from Defendants is unreasonable and unduly burdensome, particularly on the timeframe proposed by Plaintiff, which asks to schedule, take, and complete the requested depositions at least five days prior the preliminary injunction hearing. Plaintiff's *ex parte* motion effectively requests that the Court grant broad discovery, possibly before the Defendants are even served, and before counsel have entered an appearance in the case on behalf of Defendants, much less had an opportunity to respond to the motion. This factor weighs heavily against the request for expedited discovery.

Fifth, Plaintiff's proposed motion was filed five days after it filed its Complaint and initial motions for TRO, preliminary injunction and permanent injunction. Plaintiff has not yet even accomplished service of summons and the Complaint upon Defendants. Plaintiff's discovery is thus requested very far in advance of the typical discovery process and weighs against permitting the requested early discovery.

IT IS THEREFORE ORDERED THAT Plaintiff's Emergency Motion for Expedited Discovery (ECF No. 11) is denied *without prejudice*. This ruling, however, does not foreclose

---

[9] *See* Nov. 14, 2017 Temporary Restraining Order, ECF No. 16.

Plaintiff from filing another motion for expedited discovery that attaches specific proposed written discovery requests that are narrowly tailored and limited to matters pertinent to Plaintiff's request for a preliminary injunction, and provided that notice is provided to Defendants and that the discovery sought can reasonably be obtained before the preliminary injunction hearing. If needed, the undersigned Magistrate Judge will be available for a teleconference, provided counsel for all parties are included.

    IT IS SO ORDERED.

    Dated this 15th day of November, 2017, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge