IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HYDROCHEM LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-1281-JTM-TJJ |
| ) | |
| LOREN KEATING, EVERGREEN ) | |
| ENVIRONMENTAL SERVICES, L.L.C., ) | |
| and INDUSTRIAL SERVICES ) | |
| ACQUISITION, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER REGARDING PROTECTIVE ORDER DISPUTE

This matter is before the Court on Defendant Keating's Motion for Protective Order (ECF No. 44), Plaintiff's Memorandum in Support of Entry of Protective Order (ECF No. 46), and Response (ECF No. 48) filed by Defendants Evergreen Environmental Services, LLC ("Evergreen") and Industrial Services Acquisition, LLC (collectively the "Evergreen Defendants"). All parties agree a protective order should be entered, but Plaintiff and Defendant Keating have submitted different versions.

The protective order submitted by Plaintiff includes two tiers of protection, one for "Confidential Information" and another for "Highly Confidential Information," with information designated as "Highly Confidential" subject to additional restrictions. Specifically, it restricts viewing by the receiving party to one in-house counsel who is actively involved in the case with no business role or responsibilities. In comparison, Defendant Keating's version only allows for the designation of "Confidential Information," but includes a footnote permitting the parties to stipulate or move for the establishment of an additional category of protection "if the confidential documents contain highly sensitive trade secrets or other highly sensitive competitive or

confidential information and disclosure to another party would result in demonstrable harm to the disclosing party."[1]  The Evergreen Defendants did not submit a proposed protective order, but request that if the Court enters Plaintiff's proposed protective order, it be amended to allow one or two employees with technical expertise to view "Highly Confidential Information," and to allow Defendant Keating to view documents he has been accused of misappropriating.

The Court finds that Plaintiff has shown good cause for its proposed two-tier protective order that places additional restrictions on who may view designated "Highly Confidential Information." Plaintiff is alleging one of its former employees, Defendant Keating, misappropriated its confidential and trade secret information and diverted business from one of its largest customers when Keating went to work for Plaintiff's competitor, Evergreen. Because Plaintiff and Defendant Evergreen are business competitors, discovery in this case will likely include confidential sensitive trade secrets and other customer information that could affect the competitive positions of Plaintiff and Evergreen.[2]  In determining whether a party has shown good cause for entry of a two-tier protective order, the court should consider whether the more restrictive tier protects one party against business harm that would result from disclosure of sensitive documents to a competitor.[3]  A two-tier protective order is usually reserved for "more sensitive information, such as trade secret information, future product plans, competitive pricing,

---

[1] Def. Keating's proposed protective order at 5 n.1, ECF No. 44-3.

[2] *See Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 247 (D. Kan. 2010) (finding defendant had shown good cause for a two-tier protective order in patent infringement case based upon showing that plaintiff and defendant were business competitors in the technology involving the patent in question and the litigation would involve disclosure of trade secrets and other information that could affect the parties' competitive positions in the marketplace).

[3] *Id.* at 246 (citations omitted).

customer lists, or competitive business financial information."[4] Given the competitor relationship between Plaintiff and Defendant Evergreen and the allegations of misappropriation, Plaintiff's proposed protective order providing additional disclosure restrictions and limitations on information designated as "Highly Confidential Information" is therefore warranted in this case. However, it is important that any such protective order expressly identify what information a party can designate as "Highly Confidential Information."

The version of the protective order proposed by Plaintiff fails to adequately identify what information a party may designate as "Highly Confidential Information." Section 2 of Plaintiff's proposed protective order generally requires the parties to limit their designation of both "Confidential Information" and "Highly Confidential Information" to the following same four categories of information:

> A. Information that the producing party contends in good faith contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(7), or other information required by law or agreement to be kept confidential.
>
> B. Personal financial information or personal identifying information.
>
> C. Information designated in good faith as confidential research and development, financial, technical, marketing, and any other sensitive or trade secret information.
>
> D. Information relating to industrial cleaning services, hydroblasting, and related processes, sales information, technology, proposals, customer contact information, and pricing claimed in good faith to represent or contain trade secrets or confidential and proprietary information.[5]

---

[4] *Id.*

[5] Pl.'s proposed protective order at 4, ECF No. 46-1.

But then separately defines "Highly Confidential Information" as:

> Information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, and any other sensitive or trade secret information, that may pose risk of competitive or other economic harm if revealed or disclosed to a competitor or third parties.[6]

Plaintiff's proposed definition is too broad and lacks specificity with regard to the categories of information a party may designate as "Highly Confidential Information." The inclusion of the phrase "which may include, but is not limited to" is also problematic. The Court refers the parties to the *Layne Christensen* case, where the court adopted a specific list of items that qualified for an attorneys-eyes-only designation.[7] The Court therefore finds that Plaintiff's proposed two-tier protective order shall be adopted, but subject to the following:

The Court orders the parties to confer in good faith and attempt to agree on a more precise definition of "Highly Confidential Information" to be included in Plaintiff's proposed protective order. The parties shall also confer in good faith and attempt to agree on which, if any, of the four specific categories of information listed in Section 2A–D of Plaintiff's proposed protective order should be subject to the more restrictive "Highly Confidential Information" designation. Finally, the parties shall also confer in good faith and attempt to reach an agreement regarding the issues raised by the Evergreen Defendants of whether Plaintiff's proposed protective order should be revised to allow Defendant Keating to view "Highly Confidential

---

[6] *Id.* at 3.

[7] 271 F.R.D. at 248 ("technical information related to the Product, research and development work, confidential pricing information, contracts with its suppliers and manufacturers, sales, marketing and strategic business information, and corporate financial information").

Information" to the extent it is information he is accused of having taken, and whether Plaintiff's protective order should be revised as the Evergreen Defendants propose to allow viewing of "Highly Confidential Information" by two additional employees with technical knowledge to analyze and/or describe the designated material.

The parties shall have until April 6, 2018 to complete all further conferring efforts ordered above. If they are able to reach an agreement on the additional or revised terms for the two-tier protective order upon which they are ordered to confer, they shall submit the proposed protective order to KSD_James_Chambers@ksd.uscourts.gov on or before **April 6, 2018**. If, after conferring, the parties still disagree over those potential additional or revised terms, counsel shall email to chambers a short summary describing their positions (with their proposed protective order language) on the remaining disputes by **12:00 PM noon on April 6, 2018** and the undersigned Magistrate Judge will conduct a conference on **April 9, 2018 at 1:30 PM** (central time) by dial-in telephone conference call. Participating counsel must dial 888-363-4749 and enter Access Code 4901386 to join the April 5, 2018 conference.

**IT IS THEREFORE ORDERED** that Plaintiff's request for entry of its proposed protective order (ECF No. 46) is granted in part and denied in part. Plaintiff has shown good cause for entry of its proposed two-tier protective order and it shall be adopted by the Court, but subject to the parties' further efforts to confer on the definition of and what specific information may be designated as "Highly Confidential Information," and who shall be permitted to view such "Highly Confidential Information."

**IT IS FURTHER ORDERED** that Defendant Keating's Motion for Protective Order (ECF No. 44) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 26th day of March 2018.

                                                     Teresa J. James
                                                     U. S. Magistrate Judge